In the matter of the estate of Emma E. Wolfe, deceased. From decree assessing transfer tax on legacy, to which the American Baptist Publication Society succeeded, the state comptroller appeals. Modified.

Joseph W. Middlebrook, for appellant.

E. S. Clinch, for respondent American Baptist Publication Soc.

SILKMAN, S. This is an appeal from a decree assessing the transfer tax upon the succession to the estate of Emma E. Wolfe. The decedent died January 8, 1894, and the succession is taxable under chapter 399 of the Laws of 1892. The ground of the appeal is that the decree fails to assess a tax against the legacy to which the respondent succeeds. I think the appeal must prevail. I am unable to distinguish this case from that of In re Prime, 136 N. Y. 349, 32 N. E. 1091, in which the court said in referring to a foreign corporation: ,

"It is obvious that the corporations now claiming exemption from the legacy tax must be able to point to some statute of this state antedating the assessment of the legacy duty which exempts foreign religious and charitable corporations from taxation generally, or specially from taxation under the inheritance tax law."

The law of 1892 provides for a tax upon the transfer "to all persons or corporations not exempt by law from taxation on real or personal property in the following cases." Laws 1890, c. 553, exempts certain corporations therein referred to from taxation under the inheritance tax law of 1885, and the acts amendatory thereof. It has been held that the exempt corporations in said act referred to are domestic corporations only. The respondent claims that by reason of an enabling act (Laws 1893, c. 557), authorizing them as follows: "Shall have power to receive, take, hold and enjoy any property, real or personal, in the state of New York, by virtue of any devise, bequest, gift, grant, or purchase, subject, in respect to the amount of property it may take and hold, to the restrictions and limitations of existing laws, and in respect of devises and bequests from residents of the state of New York, to the provisions of chapter 360 of the Laws of 1860,"—it is not subject to taxation. The right to take, hold, and enjoy property does not relieve the respondent from taxation, any more than an act of the legislature authorizing an alien to take by grant or devise would exempt such alien from taxation under the transfer tax law. That the right to take and hold is made subject to limitations of existing laws, and subject to limitations of chapter 360 of the Laws of 1860, cannot be construed to relieve the respondent from the operation of the revenue laws of the state. The decree must be modified, adjudging a tax upon the succession of the respondent; $25 costs of appeal awarded to appellant against the respondent.

Decree modified, with $25 costs to appellant.